[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12405
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00006-AW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS LEE BANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 4, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Demetrius Banks, a federal prisoner who in 1999 was convicted of various

narcotics and firearm offenses, appeals the district court's discretionary denial of his

motion for a sentence reduction under the First Step Act.  For reasons discussed below, we conclude that the district court did not abuse its discretion in declining to reduce Mr. Banks' sentence.  We therefore affirm.

**I**

In 1999, Mr. Banks pled guilty as charged to four counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); one count of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e); and two counts of using, carrying, and possessing a firearm during a drug trafficking crime, in violation 18 U.S.C. § 924(c).  Neither the indictment nor the judgment referenced any quantity of crack cocaine, but the presentence investigation report held Mr. Banks responsible for 13.3 grams of crack cocaine.  The district court sentenced him to (1) concurrent 188-month terms of imprisonment on the § 841 charges; (2) a 60-month consecutive term of imprisonment on one of the § 924(c) charges; and (3) a consecutive 300-month term of imprisonment on the other § 924(c) charge.  This resulted in a 548-month prison sentence.

Since Mr. Banks was sentenced, Congress has made substantial changes to the laws governing statutory penalties for crack-cocaine offenses.  In 2018, Congress enacted the First Step Act, which allows district courts to retroactively apply reduced

2

statutory penalties codified in the 2010 Fair Sentencing Act. *See* First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194. The Fair Sentencing Act, in turn, had amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparities between crack and powder cocaine. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. *See* Fair Sentencing Act § 2(a)(1)-(2). *See also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

Section § 404(b) of the First Step Act authorizes district courts to impose a reduced sentence for anyone with a "covered offense"—that is, an offense whose penalty was subsequently modified by Section 2 or 3 of the Fair Sentencing Act. *See* First Step Act, §§ 404(a)-(b). But Congress has also made clear that courts are not "require[d] . . . to reduce any sentence pursuant to this section." First Step Act, § 404(c).

In February of 2019, the district court appointed defense counsel and ordered briefing as to whether Mr. Banks was eligible for relief under the newly enacted First Step Act. The government conceded that Mr. Banks was eligible for relief as to Count 3 (distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii)) but argued that, based on his extensive prior record and the nature of

his prior crimes, the district court should not exercise its discretion to reduce the sentence.

The district court agreed with the government and denied Mr. Banks' motion for relief under the First Step Act. It reasoned that Mr. Banks' extensive criminal history counseled against a sentence reduction. It also noted as an "aside" that imposing a reduced sentence would not afford Mr. Banks any practical benefit because his sentence on Count 3 was concurrent with other sentences ineligible for relief. Even if relief under the First Step Act *would* reduce the total sentence, the district court said, it would not grant such relief due to Mr. Banks' criminal history. That criminal history includes convictions for grand theft, robbery using a deadly weapon, burglaries, lewd and lascivious assault on a seven-year-old girl, sexual battery of a juvenile, and grand theft auto.

## II

The parties agree that the district court was authorized to reduce Mr. Banks' sentence on Count 3 because the crack-cocaine offense in that charge is a "covered offense" subject to reduction under the First Step Act. *See* First Step Act, § 404(a). We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion, keeping in mind that "[d]istrict courts have wide latitude to determine whether and how to exercise their

4

discretion in this context." *United States v. Jones*, 962 F.3d 1290, 1296, 1304 (11th Cir. 2020).

In exercising their discretion, district courts "may consider all the relevant factors, including the statutory sentencing factors." *Id.* (citing 18 U.S.C. §3553(a), which lists, among other factors, "the history and characteristics of the defendant" and "the need . . . to protect the public from further crimes of the defendant").

We discern no abuse of discretion on this record given Mr. Banks' extensive criminal history, the details of which are worse than the underlying convictions. His grand theft auto conviction, for example, arose from an incident in which he allegedly solicited a ride from a juvenile and raped her at knifepoint. He also had an aggravated battery charge—stemming from an incident in which he fractured someone's jaw—that was nolle prossed upon his completion of a deferred prosecution agreement. These incidents, combined with the lewd and lascivious assault on a seven-year-old child, and the other convictions, provided ample grounds for the district court to decline to exercise its discretion to reduce Mr. Banks' sentence on Count 3.

Because we conclude that the district court did not abuse its discretion in declining to modify Mr. Banks' sentence on Count 3, we need not reach Mr. Banks' argument that "upon reducing that sentence the court had discretion to consider reducing Mr. Banks' other sentences as well." The district court made clear that it

5

based its decision on Mr. Banks' criminal history, and not on the fact that reducing his sentence on Count 3 would afford him no practical relief.

## III

We affirm the district court's denial of relief to Mr. Banks under the First Step Act.

**AFFIRMED.**